UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| ATLAS INDUSTRIAL CONTRACTORS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 3:23-cv-00031-GFVT |
| V. | ) ) ) | **MEMORANDUM OPINION** |
| NUCOR STEEL GALLATIN, LLC, *et al.*, | ) ) ) | **&** **ORDER** |
| Defendants. | ) ) ) | |

*** *** *** ***

This matter is before the Court on its own motion. Defendant Nucor Steel Gallatin, LLC, removed this case from Carroll Circuit Court. [R. 1.] Concerned that the case includes parties that prevent it from exercising subject matter jurisdiction, the Court required the parties to address the presence of the Commonwealth of Kentucky's Department of Revenue and Carroll County as defendants. [R. 13.] Federal courts cannot exercise diversity jurisdiction over cases that include a state as a party. *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973). Rather than address the issue, Nucor argued that the Court should ignore the presence of the state entities, either because they were fraudulently joined or because of developments that occurred after remand. To the contrary, Plaintiff Atlas Industrial Contractors, LLC, had colorable state law claims against the Department and Carroll County, and the record after remand is irrelevant for present purposes. For these reasons, the Court will **REMAND** this action to Carroll Circuit Court.

**I**

Atlas filed this case in Carroll Circuit Court, alleging Nucor breached a construction contract. [R. 1-1 at 5–6.] Atlas also sought to foreclose on a construction lien that it allegedly holds against Nucor's land. *Id.* at 6. Because the Commonwealth of Kentucky and Carroll County potentially held liens against the property, Atlas also included them as defendants to the complaint. *See id.* at 3.

On May 4, 2023, Defendant Commonwealth of Kentucky, Finance and Administration Cabinet, Department of Revenue filed an answer and disclaimer. [R. 26-1.] The Department claimed "it has a lien pursuant to KRS 131.515, for debts owed the Commonwealth other than ad valorem taxes" but that it did "not care to present a claim against the property . . . ." *Id.* The next day, Carroll County filed an answer, a counterclaim, and a crossclaim. [R. 1-3.] Carroll County also claimed to have a lien on the property and argued that it was "first, prior, and superior" to any other lien. *Id.* at 3.

The same day, Nucor removed the case to this Court. [R. 1.] Noting the presence of the state entities, the Court required the parties to submit simultaneous briefing as to whether it could exercise jurisdiction over this litigation. [R. 13.] Although the parties briefed the matter, they did not satisfy the Court. [R. 15; R. 17.] The Court ordered Nucor, as the removing party, to show cause as to why the case should not be remanded to Carroll Circuit Court. [R. 18.] Nucor responded, and the matter is ripe for review. [R. 26.]

**II**

Unless specifically prohibited by Congress, a case filed in state court can be removed to federal court if a United States district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions where the amount

in controversy is greater than $75,000 and the litigation is between citizens of different states. *Id.* § 1332(a)(1). More particularly, Congress's statutory grant of diversity jurisdiction requires that no plaintiff share citizenship with any defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 n.3 (1996). Congress also prohibits the removal of a civil suit "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Federal courts assess the existence of diversity jurisdiction based on the status of the case at the time of removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000). The remand "inquiry is limited to determining whether the case was properly removed to federal court in the first place." *Beasley v. Wells Fargo Bank, N.A.*, 744 F. App'x 906, 910 (6th Cir. 2018). The removing party bears the burden of establishing subject matter jurisdiction. *Vill. of Oakwood v. State Bank & Tr. Co.*, 481 F.3d 364, 377 (6th Cir. 2007). Because federal courts are courts of limited jurisdiction, "the removal statute should be strictly construed," and any doubts should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

In this case, there is no dispute that the amount in controversy exceeds $75,000. [*See* R. 1-1 at 5 (seeking $1,593,071.90).] Accordingly, complete diversity of the parties and the rule prohibiting removal of cases with a forum defendant are at issue. As originally filed in state court, this litigation included three defendants. Defendant Nucor is a Limited Liability Corporation. Defendants Department of Revenue and Carroll County are entities within the Commonwealth's government. Because these two groups present different considerations for diversity jurisdiction, the Court considers them separately.

3

**A**

Plaintiff Atlas and Defendant Nucor are completely diverse. Corporations are citizens of any state in which they were incorporated and any state where they have a principal place of business. 28 U.S.C. 1332(c)(1). Limited liability corporations are assessed differently. *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015). LLCs do not receive "a fictional citizenship in their state of organization or in their principal place of business." *Yarber v. M.J. Elect., LLC*, 824 Fed. App'x 407, 409 (6th Cir. 2020). LLCs have the citizenship of each of their members. *Mortensen Family Dental Ctr., Inc. v. Heartland Dental Care*, 526 F. App'x 506, 508 (6th Cir. 2013).

Analyzing jurisdiction under Section 1332 can become quite complicated when an LLC is involved. If an LLC has a corporation as a member, the LLC will be a citizen of the corporation's state of incorporation and principal place of business. *See Yarber*, 824 Fed. App'x at 410. However, if an LLC has other LLCs as members, the party's citizenship resembles a Russian nesting doll. *See id.* at 409. The LLC at issue will have the citizenship of every member LLC it contains. *Id.* Accordingly, courts must trace "through however many layers of partners or members there may be" to determine the citizenship of the LLC that is a party to the case. *Id.* (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)).

The parties provide the following regarding the membership of the LLCs at issue. Atlas's sole member is a natural person who is an Ohio resident. [R. 4.] Nucor's sole member is a Delaware corporation with its headquarters in North Carolina. [R. 26 at 3.] Thus, Atlas is a citizen of Ohio and Nucor is a citizen of Delaware and of North Carolina. *See Yarber*, 824 Fed. App'x at 410. Atlas and Nucor are completely diverse.

4

**B**

The analysis regarding the state defendants is less straightforward. States are not citizens for the purposes of diversity jurisdiction, but a political subdivision of a state can be. *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973). Despite repeated prompting to analyze this distinction, the parties provided no briefing on whether Kentucky's Department of Revenue and Carroll County should be considered state defendants or political subdivisions of the state.

Regardless, the presence of either the Department of Revenue or of Carroll County would prevent the Court from exercising jurisdiction.[1] Even if both were mere political subdivisions of the state, they would be citizens of the state of Kentucky. *See id.* at 718 (county of Illinois was a citizen of Illinois). A civil suit, otherwise removable based on diversity, cannot be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action was brought." 28 U.S.C. § 1441(b)(2). Because Atlas brought this case in Kentucky state court, Nucor cannot remove it if the Department of Revenue or Carroll County was properly joined and served in the suit at the time of removal. *See Terry v. Phelps Ky. Opco*, No. 7:20-cv-00023-REW-EBA, 2020 U.S. Dist. LEXIS 84626, *3 n.1 (E.D. Ky. May 13, 2020). Nucor makes two arguments that the Court should disregard these defendants.

**1**

First, Nucor unsuccessfully argues that the Court can disregard the Department of Revenue because it exited this litigation while in state court. Nucor claims that "the Department of Revenue filed an Answer and Disclaimer, affirmatively disclaiming any interest in joining the action."[2] [R. 26 at 2.] The Department did state that it "does not care to present a claim against

---

[1] To be clear, as a matter of constitutional jurisdiction, this Court cannot exercise diversity jurisdiction over the Department of Revenue because it is an arm of the Commonwealth of Kentucky. *See Moor*, 411 U.S. at 717.
[2] Nucor relied on this argument before without providing the Court with the relevant portion of the state court record. [*See* R. 18 at 1.] In response to the show cause order, Nucor submitted the pleading at issue. [R. 26-1.]

the property named in this Complaint" and that it had "no interest in this legal action . . . ." [R. 26-1 at 1.] But it also claimed that it had a valid "lien pursuant to KRS 131.515, for debts owed the Commonwealth other than ad valorem taxes . . . ." *Id.*

The Department's answer did not make the case removable. To make a case removable because of the dismissal of a jurisdiction-defeating party, "it must appear . . . that the discontinuance as to such defendants was voluntary on the part of the plaintiff, and that such action has taken the [jurisdiction-defeating] defendants out of the case, so as to leave a controversy wholly between the plaintiff and the [diverse] defendant." *Am. Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 316 (1915); *see also* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723 (4th Ed. 2023) (detailing the general rule). "[T]he case may not be removed until that party actually has been dismissed from the case." Wright & Miller, *supra*, § 3723. The record does not reflect that the state court acted on the Department's pleading and dismissed it from the case. [*See* R. 1-1–1-6 (selected state court record as initially submitted); R. 26-1 (supplement).] Nor is there any indication from the record that Plaintiff Atlas voluntarily sought to dismiss the Department. *See id.* Accordingly, the Department's answer, taken alone, does not permit removal of this case.

### 2

Next, Nucor claims that the Court can disregard both the Department of Revenue and Carroll County as fraudulently joined parties. When a non-diverse party is present as a defendant, "in the absence of a substantial federal question the removing party may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). Fraudulent joinder is a judicially created "exception to the requirement of complete diversity." *Coyne v. Am. Tobacco*

6

*Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).

"A defendant is fraudulently joined if it is 'clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . .'" *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432–33 (6th Cir. 2012) (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). "The relevant inquiry is whether there is 'a colorable basis for predicting that a plaintiff may recover against [a defendant].'" *Id.* at 433 (quoting *Coyne*, 183 F.3d at 493). The removing party bears a heavy burden to demonstrate fraudulent joinder. *Id.*; Wright & Miller, *supra*, § 3723.1.

To decide the issue, courts in the Sixth Circuit apply a "test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Id.* (citing *Walker v. Phillip Morris USA, Inc.*, 443 Fed. App'x 946, 952–54 (6th Cir. 2011). Courts can consider evidence outside the four corners of the pleadings, such as affidavits submitted by the parties. *See id.* But the inquiry is limited to whether there are "undisputed facts that negate the claim." *Id.*

Nucor makes two arguments that the Department of Revenue and Carroll County are fraudulently joined. First, it claims that the state entities cannot hold a lien against its property because it timely paid all due and payable property taxes. [R. 26 at 5.] Second, even if the liens were valid, Nucor argues that it bonded them off. *Id.* Neither argument is persuasive.

a

Even if Nucor is correct that the state entities cannot assert a valid tax lien against its land, Atlas could still recover on its claims against the state entities in state court. To foreclose on its construction lien, Atlas had to join as defendants "all other persons having liens on or interests in the property . . . ." Ky. Rev. Stat. Ann. § 367.110(1) (LexisNexis 2023).

7

Accordingly, it included the Department of Revenue and Carroll County in its complaint because they "may claim an interest in the subject properties by virtue of unpaid taxes" and they "should be required to assert [their] claim[s] *or be forever barred*." [R. 1-1 at 3 (emphasis added).] As the closing language makes plain, part of the relief that Atlas sought was a declaration from the Court that would prevent the Department of Revenue and Carroll County from bringing a claim against the property after foreclosure.

Nucor's argument that the state entities were fraudulently joined is largely dependent upon Carroll County's answer in support of its tax lien. [*See* R. 26 at 5.] Carroll County filed an answer and counterclaim in state court that claimed "[t]he 2023 Carroll County ad valorem real estate taxes are not yet due and payable but do constitute a lien upon the respected [sic] properties . . . ." [R. 1-3 at 2.] Further, Carroll County argued that its "lien on the property . . . is first, prior and superior to any other party . . . ." *Id.* Likewise, the Department of Revenue claimed that it had a valid lien. [R. 26-1.] Nucor argues that, under Kentucky law, Carroll County cannot assert a tax lien for real estate taxes that are not yet due and payable. [R. 26 at 5 (citing Ky. Rev. Stat. Ann. § 134.015(5) (LexisNexis 2023).] For that reason, Nucor concludes that Carroll County does not have a colorable claim for a lien under state law and should be disregarded as fraudulently joined.

However, it is Plaintiff Atlas's claims against Carroll County and the Department that matter. *See Casias*, 695 F.3d at 433. Kentucky circuit courts have the power to adjudicate the validity of tax liens asserted against real property located in the counties in which they are situated. *Commonwealth v. Van Meter*, 190 S.W.2d 668, 670 (Ky. 1945). In a common example, a landowner might bring a quiet title action to invalidate a tax lien filed against his property. *See id.* But Kentucky courts can also accord relief to lienholders because another

8

lienholder's interest in the property is invalid. *E.g.*, *Rolan G. Taylor Funeral Home, Inc. v. Commonwealth Cabinet for Families & Children*, 237 S.W.3d 206, 208 (Ky. Ct. App. 2007) (judgment lien creditor was entitled to a finding that a lien held by the Commonwealth was invalid). So, Nucor's argument that Carroll County's lien was invalid establishes rather than undermines the availability of relief on Atlas's claims. Because Atlas could have obtained a judgment in state court declaring Carroll County and the Department of Revenue's liens invalid, these defendants were not fraudulently joined.

b

Nucor's second argument in support of fraudulent joinder fares no better. Nucor fails to carry its burden to demonstrate that its bond precludes Atlas from pursuing its foreclosure claim. Nucor argues that Atlas's foreclosure claim "is extinguished and moot" because it bonded off the construction lien at issue. [R. 1 at 5; R. 1-6.] Kentucky law creates a statutory lien to protect unpaid contractors and materialmen who contribute to the improvement of real property. Ky. Rev. Stat. Ann. § 376.010 (LexisNexis 2023). To counterbalance this imposition on the property owner's rights, the statutory scheme permits the owner of the real property to file "a bond for double the amount of the lien claimed with good sureties to be approved by the clerk, conditioned upon the obligors satisfying any judgment that may be rendered in favor of the person asserting the lien." *Id.* § 376.100. The bond must be "preserved by the clerk, and upon its execution the lien upon the property shall be discharged." *Id.*

Atlas claims that Nucor did not follow the statutory procedure for bonding off its claim. [R. 15 at 2.] It argues that "Nucor failed to present the bond to the Clerk, execute the bond before the Clerk, and obtain the Clerk's approval as required by Kentucky mechanic's lien law . . . ." *Id.* (citing Ky. Rev. Stat. Ann. § 376.110 *et seq.* (LexisNexis 2023)). Nevertheless, because

9

of the presence of the surety, Atlas agreed to stipulate to dismissal of its foreclosure claim one month after Nucor removed the case to federal court.[3] [R. 14.]

Atlas may or may not be correct. The record is silent in this regard. In its rush to the federal courthouse, Nucor either failed to present the bond to the state court clerk or forgot to present this Court with any evidence that it presented the bond to the state court clerk. [*See* R. 1-1–R. 1-6 (partial state court record); R. 26-1 (supplement).] Nucor only provided the Court with a copy of the bond itself. [R. 1-6.] Accordingly, the Court has no means to determine whether Nucor followed the applicable procedure to bond off the foreclosure claim. Nucor fails to carry its burden to show that the state entity defendants are fraudulently joined to the foreclosure claim.

### C

In a final effort to avoid remand, Nucor ineffectually argues that "complete diversity of citizenship has been reinforced by the actions of the State Defendants and by Plaintiff since the time of removal." [R. 26 at 6.] Apparently, Nucor invites the Court to consider post-removal developments in analyzing compliance with the statutory requirements for removal. Notably, this invitation is unencumbered by any caselaw or citation. *See id.* It also flies in the face of the duty of a trial court in the federal system. *See Caterpillar Inc.*, 519 U.S. at 77–78.

Post-remand developments in the case can be relevant to an appellate court. *See id.* at 77. The presence of a nondiverse defendant in a removed case is not fatal if the case results in a judgment and, prior to the judgment, the nondiverse defendant is dismissed. *See id.* Federal

---

[3] This post-removal stipulation is irrelevant for present purposes. Federal courts assess the existence of diversity jurisdiction based on the status of the case at the time of removal. *Rogers*, 230 F.3d at 872 . The remand "inquiry is limited to determining whether the case was properly removed to federal court in the first place." *Beasley*, 744 F. App'x at 910.

appellate courts will excuse erroneous removal, in this unique situation, out of "considerations of finality, efficiency, and economy . . . ." *Id.* at 75.

But the role of the trial court is to strictly uphold the statutory requirements for removal, including the requirement that complete diversity exists at the time of removal. *See id.* at 73, 77–78. Otherwise "defendants will remove prematurely 'in the hope that some subsequent developments, such as the eventual dismissal of nondiverse defendants, will permit th[e] case to be kept in federal court.'" *Id.* at 77. Defendants should not "gamble that any jurisdictional defect, for example, the absence of complete diversity, will first escape detection, then disappear prior to judgment" lest they incur "the displeasure of a district court whose authority has been improperly invoked." *Id.* at 77–78.

Here, Nucor came to federal court without allowing the state court to resolve lingering issues with the presence of the Department of Revenue as a party, with Carroll County's answer and counterclaim, and with the execution of its bond. It now attempts to lean on decisions made post-remand, such as Atlas's stipulation to dismissal of the foreclosure claim and Carroll County's decision to dismiss its counterclaim, to assure the Court of its jurisdiction. [R. 7; R. 14.] To permit it to do so would be to flout the statutory requirements for removal established by Congress. Simply put, the Court's jurisdiction "has been improperly invoked." *Caterpillar Inc.*, 519 U.S. at 77–78.

### III

"[I]n the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of § 1446(b) should be resolved in favor of remand to the state courts." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). Sufficient ambiguity exists, here, to permit a state court to

11

resolve the validity of the Department of Revenue and Carroll County's inclusion in this case. *See* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723 (4th Ed. 2023) ("In many situations, confusion could be reduced if removing parties would challenge fraudulent joinders . . . in state court, before defendants file a removal notice. The 30-day time limit for removal . . . would not begin to run until any . . . fraudulently joined, non-diverse party was dropped from the action."). For these reasons, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. This matter is **REMANDED** to Carroll Circuit Court for further proceedings;
2. All pending motions are **DENIED** as moot; and
3. This case is **STRICKEN** from the Court's active docket.

This the 14th day of July 2023.

Gregory F. Van Tatenhove
United States District Judge